STATE of Missouri, Respondent,

v.

Martin Darrell JEFFERIES, Appellant.

No. 57528.

Supreme Court of Missouri, Division No. 2.

Jan. 14, 1974.

---

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Douglas E. Long, Jr., Cohn & Long, Waynesville, for appellant.

HOUSER, Commissioner.

On November 22, 1971 Martin Darrell Jefferies filed a notice of appeal to this Court from a judgment and sentence entered on a jury·verdict finding him guilty of robbery in the first degree with a dangerous and deadly weapon and sentencing him to 5 years' imprisonment.

There is no contention that the State's evidence is insufficient to support the verdict and appellant raises no other point requiring a statement of the facts.

Appellant's sole point is that he was deprived of and denied the services of counsel of his own choosing in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and Art. I, §§ 14 and 18(a) V.A.M.S. of the Constitution of Missouri, 1945, and that as a result the trial court "lost jurisdiction" over appellant. Appellant makes the subsidiary argument that the court erred in refusing an oral motion for a continuance to obtain time to obtain counsel of appellant's own choosing.

The magistrate judge appointed a lawyer to represent Jefferies on December 20, 1970. This lawyer represented him at the preliminary hearing, at the trial in the circuit court, and on this appeal. Jefferies was confined to jail after he was bound over at the preliminary hearing, which was held approximately February 1, 1971.

■ A person accused of a felony has a constitutional right to have a fair and reasonable opportunity to secure counsel of his own choosing, but the accused in a criminal proceeding has no absolute right to be represented by counsel of his own choosing. "The constitutional right to counsel does not mean that an accused is entitled to any particular attorney, * * *." State v. Williams, 419 S.W.2d 49, 54 (Mo.1967), quoted with approval in Evans v. State, 467 S.W.2d 920, 923 [3] (Mo.1971). The right is limited to the extent that it impinges on the public's right to effective and efficient administration of justice, and the rights of other defendants in criminal cases to have their cases tried. State v. Crider, 451 S.W.2d 825, 828 (Mo. 1970).

■ In setting the case down for trial and requiring Jefferies to submit to trial on April 16 the circuit court did not deprive Jefferies of any constitutional right under the circumstances. The following periods have been held sufficient to meet constitutional requirements in these cases: 5 days, Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); 2½ months, United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3rd Cir. 1969), cert. den. 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127; 48 hours, United States v. Terry, 449 F.2d 727 (5th Cir. 1971); 3 months, United States v. Leach, 429 F.2d 956 (8th Cir. 1970), cert. den. 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151; 66 days, State v. Crider, supra. Jefferies had 105 days (from December 30, 1970 to April 16, 1971) within

which to choose and employ counsel of his own choosing. He was thus afforded a fair and reasonable opportunity to exercise this right.

 There was no error in denying the oral motion for a continuance to obtain further time to attempt to obtain the services of counsel of Jefferies' own choosing. As indicated, for 3½ months after counsel was appointed Jefferies had time and opportunity to obtain other counsel, but he failed to make arrangements for other representation during that time. Jefferies' excuse is that he was unable to do so during the two and a half months immediately preceding trial because he was confined to the jail. Confinement to jail, however, would not have prevented him from communicating with counsel and making the necessary arrangements, if he had the means and resources to employ counsel. During the month of January appellant was not confined to jail, but he did not use his freedom during that period to effect his desire. A representation was made to the circuit court that Jefferies had been attempting to secure, and had been in negotiation with, counsel of his choice as late as the day before the trial but had failed, and that his parents had been attempting to secure a bank loan for the purpose. There is nothing to indicate, however, that there was any practical prospect of success in the endeavor if Jefferies were given more time; no evidence that his parents had the ability to borrow a sufficient sum to employ counsel, etc.

The transcript and appellate brief demonstrate that Jefferies' court-appointed counsel discharged his duties diligently and with professional competence, both in the circuit court and on appeal. There is nothing to indicate that he was derelict in his duties. Jefferies does not intimate that the alleged deprivation of the right to choose his own counsel worked to his prejudice. On the contrary, midway through the trial Jefferies conceded to the trial judge that he was satisfied with the services of his court-appointed lawyer. Out of the hearing of the jury Jefferies, in answer to the judge's question whether the services of the lawyer who was representing him at the trial had been satisfactory, answered "Yes, sir."

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.