STATE of Missouri, Plaintiff-Respondent,

v.

Don Spencer LEE, Defendant-Appellant.

No. 36050.

Missouri Court of Appeals,
St. Louis District,
Division 3.

March 18, 1975.

G. Jeffrey Lockett, Asst. Public Defender, 22nd Judicial Circuit, James C. Jones, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis, Missouri, upon a jury verdict, finding him guilty of posses-sion of a Schedule I Controlled Substance (heroin), §§ 195.020 and 195.200, RSMo 1969, V.A.M.S. Pursuant to the Second Offender Act, § 556.280(1), RSMo, V.A.M.S., the court sentenced defendant to serve five (5) years in the custody of the Department of Corrections.

Defendant has reserved four points of error for reversal, but our review has perceived no error and, accordingly, we affirm the judgment of conviction.

Since the defendant does not question the sufficiency of the evidence, we give only a brief narrative of the facts.

Two city detectives were summoned to an apartment at 5738 Cates Street in the City of St. Louis in response to the complaint of a young woman who lived at that address. She complained of prowlers on her back porch. When the detectives entered her apartment, they observed, through her kitchen window, the defendant and one Johnson, kneeling on the porch.

They saw the two men unwrap small foil packages. Defendant held a hypodermic syringe, and next to defendant and Johnson, a bottle cap lay on the porch. As the officers came through the kitchen door onto the porch, both men jumped and ran. Before defendant ran up the stairway to the third floor, however, he dropped both the syringe and the foil package. When Johnson attempted to place the foil packets into his mouth a scuffle ensued between him and the detectives. Unable to get the packets into his mouth, Johnson threw them over the porch railing.

A minute later the officers found defendant in bed in an apartment on the third floor. The foil packages and the syringe were recovered immediately below the porch in a stairwell leading to the basement of the building. A laboratory analysis revealed that the contents of the packages was heroin.

█ █ Defendant's claim that it was error for the court to receive into evidence

the hypodermic syringe is without merit. In State v. Taylor, 508 S.W.2d 506 (Mo. App.1974), we held that paraphernalia such as a hypodermic syringe and testimony relating thereto are admissible in circumstances such as those present here, to show knowing possession on the part of the accused. See also State v. Burns, 457 S.W. 2d 721 (Mo.1970) and United States v. Cox, 462 F.2d 1293 (8th Cir. 1972). Nor do we find any merit to defendant's second claim of error. Because having decided that the hypodermic syringe was admissible, clearly it is not "plain error" for the prosecutor to make reference to this evidence before the jury.

Defendant's next two points challenge the propriety of the court's refusal to grant him a continuance to obtain private counsel and its refusal to permit his appointed counsel to withdraw. Both of these requests came immediately before the trial began. Both of the points presented are purely discretionary matter for the court and we find no abuse of discretion. First, because an accused in a criminal proceedings has no absolute right to be represented by counsel of his own choosing, State v. Jefferies, 504 S.W.2d 6 (Mo. 1974). Secondly, here defendant had from October 3, 1973, when an attorney from the Public Defender's Office was first designated to handle his case, until the time of trial, December 13, 1973, to obtain different counsel. Clearly, it is not an abuse of discretion to deny a last minute request for a continuance to find new counsel. The trial court must consider the interest of the public in effective and efficient administration of justice particularly when it appears that the accused will not be denied skilled and effective representation. State v. Jefferies, supra.

In the present case, unlike Jefferies, it appeared that defendant may have had a newly acquired ability to afford to pay for his own private attorney. However, the decision of the trial court not to delay still was within the proper range of its discretion. Since there was no convincing showing by defendant that he did have immediate plans and ability to hire an attorney, and in view of the lateness of the request and the delay that would be involved in granting it, there was no abuse of discretion.

The same reasoning prevails in assessing the propriety of the trial court's refusal to permit appointed counsel to withdraw. The matter of the withdrawal of counsel is normally within the discretion of the trial court. State v. Wilkinson, 423 S. W.2d 693 (Mo.1968). By the standards of State v. Jefferies, supra, the trial court has not abused its discretion in this case.

The judgment is affirmed.

SIMEONE, P. J., and GUNN, J., concur.