STATE of Missouri, Plaintiff-Respondent,

v.

**Frank Vito MANDINA,**
**Defendant-Appellant.**

No. 36907.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 17, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Vatterott, Shaffar, Dolan & Pepka, Gene R. Pepka, St. Ann, Rosecan, Popkin & Chervitz, Alan G. Kimbrell, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Frank Vito Mandina appeals from a conviction of Burglary Second Degree upon trial by jury and an 8-year sentence by the trial judge under the Second Offender Act.

There was no abuse of discretion in refusing to allow the assistant public defender to withdraw and in refusing defendant an opportunity to obtain counsel of his own choosing. At arraignment on December 12, 1974, following a finding of indigency, the court appointed the Circuit Public Defender of the Twenty Second Judicial Circuit as counsel for defendant, and James Bucher, an assistant in that office, entered his appearance as attorney for defendant. Defendant pleaded not guilty and the cause was assigned to division. On December 19, 1974, defendant appeared in court in person and by Thomas Nold, another assistant in the public defender's office, and the cause was set for trial on February 3, 1975. On the latter date defendant appeared in person and by Charles S. Stone, yet another assistant public defender. Before the trial commenced on the morning of February 3, the State, by leave of court, filed an amended information, charging the same offense of burglary in words and figures identical with the original information excepting the addition of a charge under the Second Offender Act that defendant was convicted of Burglary Second Degree and Stealing in February, 1972. The State also asked leave to endorse on the information the names of three additional witnesses (a medical records custodian and two patrolmen). Defendant's counsel claimed surprise at the additional endorsements and requested a 30-day continuance "in order to adequately prepare the case in light of the additional endorsements." Inquiry disclosed that the patrolmen whose names were endorsed were present at the scene when defendant was apprehended and would testify that he was taken to the hospital shortly after this incident and treated for a contusion of the ear and thumb. This information was contained in the police report which had been made available to the defense. The court overruled the request for a continuance based on surprise, commenting that there was no basis for such a claim in view of the fact that the information in question had previously been divulged to the defense. No objection was made to the filing of an amended information. Mr. Stone then stated that the 23-year-old defendant had expressed dissatisfaction with and lack of confidence in Mr. Stone; that defendant was unwilling to disclose to him any information regarding the case; that defendant failed to appear for an interview with all of his witnesses, scheduled for January 31, 1975, "apparently because once again he mistrusted and distrusted his counsel"; that "[w]e are, therefore, not prepared to try the case"; that defendant had had no benefit of counsel. Mr. Stone further suggested that there was a serious question as to defendant's indigency "inasmuch as Mr. Mandina's family is at this time prepared to hire and retain private counsel. They have expressed a desire to do so and an extreme unwillingness to proceed to trial today." The court overruled the motion for a con-

tinuance on the ground of lack of cooperation with counsel, observing that defendant had had "since last year in which to hire private counsel if he desired to do so. He has chosen not to do so. It appears to this Court that at this time this is purely a dilatory tactic and the Court will proceed with the trial." Mr. Stone again called the attention of the court to the matter of employment of private counsel, restating that while defendant had no funds available for that purpose, his immediate family had more than adequate resources to hire and retain private counsel. The court countered with this statement: "They have also had more than adequate time to engage the hiring of private counsel and they have chosen not to do so," and ordered the case to go to trial "on the present basis." Mr. Stone represented defendant throughout the trial, and in the post-trial stages, up to and including the sentencing of defendant, following the overruling of the motion for new trial.

Appellant claims abuse of discretion in forcing him to trial with an unprepared lawyer not of his own choosing, without any previous continuance having been requested or granted, under circumstances not indicating that his requests for a continuance were made in bad faith for the purpose of delay, citing two cases from other states,[1] and *United States v. Seale*, 461 F.2d 345 (7th Cir. 1972). We need not resort to the law of other jurisdictions on this question. Missouri cases hold that it is discretionary whether a last minute request for a continuance shall be granted to obtain private counsel; that an indigent accused in a criminal proceeding has no absolute right to be represented by counsel of his own choosing, and that it is not an abuse of discretion to deny a continuance asked for on the morning of the day the case is set for trial where, as here, the accused has had more than six weeks to obtain different counsel, and accused has not been denied skilled and effective representation. *State v. Lee*, 521 S.W.2d 180 (Mo.App.1975); *State v. Jeffer-*

*ies*, 504 S.W.2d 6 (Mo.1974); *State v. Hollins*, 512 S.W.2d 835 (Mo.App.1974), and numerous Missouri cases cited.

■ Appellant claims prejudice by failure of Mr. Stone (1) to object to evidence that when arrested appellant made no statement, and to Mr. Stone's eliciting that fact in cross-examining Officer Braxton; (2) to impeach two officers by the use of the transcript of testimony at the preliminary hearing to show a discrepancy between their trial testimony (that the figure they first saw hanging by his hands from an upper level of the building was never out of their sight until he was arrested) and their testimony at the preliminary hearing (that it was possible that the figure was out of their sight for two or three minutes before the apprehension); (3) to object to the court's action in taking away from the jury the matter of punishment, the State having failed to make the necessary proof under the Second Offender Act that defendant had been imprisoned. With respect to (1): it is reasonable to conclude that counsel pursued this course as a matter of trial strategy on the theory that it would be to defendant's advantage to impress upon the jury the fact that when arrested defendant made no damaging statements against interest—that he said nothing to incriminate himself. As to (2): Officer Braxton was effectively impeached on this question by Mr. Stone's searching and insistent cross-examination, which appears to have broken down his firm testimony given on direct examination. He accomplished as much by eliciting damaging admissions from the officer as he could have by use of the transcript. On (3), Mr. Stone objected to the sufficiency of the affidavit but was overruled by the court. He preserved the point in the motion for new trial, and relief is being granted by this court on this ground, infra.

A review of the transcript shows that Mr. Stone had a full understanding of the is-

---

1. *Fish v. Commonwealth,* 208 Va. 761, 160 S.E.2d 576 (1968), and *English v. State,* 8 Md. App. 330, 259 A.2d 822 (1969).

sues, the strengths and weaknesses of the State's case and the defense. He cross-examined the State's witnesses thoroughly and effectively. Many of his objections were sustained. In his discretion and apparently for strategic reasons he did not put this previously convicted defendant on the stand. He argued the case to the jury forcefully and competently. He filed a carefully drawn motion for new trial. Mr. Stone's representation of this defendant was above average. As a result of his efforts defendant had a fair trial.

■ Appellant makes the point that it was plain error for the prosecuting attorney to elicit testimony from police officers that when arrested defendant, upon being advised of his rights, did not make any statement; that appellant had a right to remain silent and for the court to permit this exercise of defendant's right to be used to raise an inference of guilt constituted an invasion of his constitutional rights. Defendant's counsel not only did not object when the prosecuting attorney first elicited this fact, but in cross-examining Officer Braxton defendant's counsel joined with the prosecuting attorney in bringing out the fact that defendant made no statement at the time of arrest. As indicated above it is reasonable to conclude that as a part of his trial strategy Mr. Stone purposely chose not to object to this testimony but instead desired that it be brought to light. Cf. *State v. Yager,* 416 S.W.2d 170, 172 (Mo.1967). Having thus sought to obtain a strategic advantage appellant may not now invoke the rule of *State v. Stuart,* 456 S.W.2d 19 (Mo. banc 1970), a burglary and stealing case on which appellant relies. In Stuart the admission of evidence that the accused had failed to volunteer an exculpatory statement was considered plain error because the sufficiency of the State's case of stealing depended upon accused's recent unexplained possession of the stolen property. In the burglary case now before us there is no issue of recent unexplained possession of stolen goods, and the State had a sufficient case based upon the testimony of the officers and other witnesses to convict the accused. In such case the rule of *State*

*v. Stuart* with respect to plain error is not controlling. *State v. Turnbough,* 497 S.W.2d 856 (Mo.App.1973).

■ Any error in giving Instruction No. 5 on the guilt of all persons who knowingly act together with a common purpose of committing a crime, based on the contention that there was no evidence that anyone but this defendant participated, was nonprejudicial. This language "may be rejected as mere surplusage, because it did not tend to mislead the jury." *State v. Arthur,* 57 S.W.2d 1061 (Mo.1933); *State v. Mesmer,* 501 S.W.2d 192, 197[13] (Mo.App.1973). The implication that other persons may have been involved was gratuitous. *State v. Herington,* 520 S.W.2d 697, 701[9] (Mo.App. 1975).

■ Appellant questions the sufficiency of the proof that he was *imprisoned* on a previous charge and conviction of burglary and stealing, which was a prerequisite to justify the action of the trial judge in sentencing him under the Second Offender Act. On the evidence adduced the trial court properly found a conviction and sentence under the Second Offender Act. The court further found that "the defendant was imprisoned in the Missouri Department of Corrections," but there was no proof in support of this finding. The only evidence before the court was a certified copy of a sentence and judgment of 2 years' imprisonment for burglary and 2 years' imprisonment for stealing, an order of concurrency, and a further order by the court "that said defendant is remanded to the custody of the Federal Marshal on the condition that defendant be returned to the custody of St. Louis County Department of Welfare or to custody of the Missouri Department of Corrections." There is no evidence that this condition was performed, or that defendant was returned either to the welfare department or the department of corrections, or that defendant was ever imprisoned pursuant to the judgment and sentence. For this deficiency in the proof the judgment and sentence must be reversed and set aside. The cause is remanded with directions to

cause defendant, accompanied by counsel, to be brought before the court at an appropriate time for the conduct of a further hearing, after due notice to the State, at which hearing both State and defendant shall be given an opportunity to introduce evidence pro and con on the question whether, after sentence and judgment for the 1972 burglary and stealing, defendant was placed on probation, paroled or imprisoned therefor. The court is directed to make appropriate findings thereon. If the trial court finds that following the conviction and sentence of burglary and stealing defendant was placed on probation, paroled or imprisoned therefor in accordance with § 556.280, RSMo 1969 it may proceed to grant allocution and render judgment and sentence; if not, a new trial shall be ordered in order to give the jury an opportunity to assess the punishment.

Judgment of conviction and sentence reversed and set aside. Cause remanded to the trial court for further proceedings in accordance with this opinion.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.