**STATE of Missouri, Respondent,**

v.

**John Milburn SWEAZEA, Appellant.**

**No. 38236.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 16, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Steven H. Goldman, George F. Meyer, Jr., Asst. Pros. Attys., Clayton, for respondent.

Crouppen, Walther, Zwibelman & Walsh, P. C., Robert Walsh, St. Louis, for appellant.

CLEMENS, Presiding Judge.

A jury found defendant guilty of robbery first degree (§ 560.135, RSMo. 1969) and burglary second degree (§ 560.045, RSMo. 1969). The court sentenced him to concurrent terms of 20 and 10 years. Defendant appeals, contending he was denied time to employ counsel.

The court appointed a public defender to represent him and the cause was set and thereafter continued and reset several times. Eight months after arrest, on the day of trial, defendant filed several motions, including a motion to dismiss counsel and for continuance. Defendant testified he had encountered difficulty in communicating with his family and his appointed attorney while in jail and that he had been seeking a bondsman and now wished to hire a private attorney. The motions were denied and trial and judgment followed.

■ Defendant now raises two points. First, that the trial court erred by denying his motions to dismiss court-appointed counsel and for continuance, in violation of his right to counsel. Because defendant did not specify these errors in his after-trial motion, we limit our consideration to determining whether the alleged errors constitute plain error under Rule 27.20(c), VAMR; State v. Ward, 518 S.W.2d 333[2] (Mo.App. 1975).

■ Relief for plain error is limited to those exceptional circumstances where a defendant's rights have been affected by trial errors and a miscarriage of justice cannot be avoided. State v. Minor, 548 S.W.2d 598[1] (Mo.App.1977). A defendant has a constitutional right to secure counsel of his own choosing but no absolute right to be represented by any particular attorney. State v. Jefferies, 504 S.W.2d 6[1, 2] (Mo. 1974); State v. Williams, 419 S.W.2d 49[8–10] (Mo.1967).

■ Eight months elapsed between the dates of defendant's arrest and trial. He does not show he took any prior steps to employ private counsel. Missouri courts have determined that lesser periods of time satisfy the "fair and reasonable opportunity" test. Jefferies, supra, (3½ months); State v. Lee, 521 S.W.2d 180[3–5] (Mo.App. 1975) (2 months); State v. Hollins, 512 S.W.2d 835[5] (Mo.App.1974) (6 months); State v. Burns, 537 S.W.2d 860[2] (Mo.App. 1976) (4 months). Even after eight months defendant was unable to give the trial court reasonable assurances that private counsel would appear. He was given a reasonable opportunity to secure counsel of his own choosing. He does not contend appointed counsel was ineffective nor that his defense was prejudiced by not having private counsel. Jefferies, supra, [4]. We find no plain error.

■ Second, defendant contends the trial court erred in overruling his objections to portions of the state's closing argument as going beyond the scope of the evidence and inflammatory. The remark complained of was: ". . . if you acquit him [defendant] on this kind of evidence, your telling him: 'Hey, look, you can rob this old man.'"

"The control of argument as well as determining whether it improperly influenced a jury must be, and is, left to a large extent to the sound discretion of the trial judge." State v. Wallace, 504 S.W.2d 67, 72[10] (Mo. 1973), cert. denied, 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 76 (1974). An appellate court is not to reverse absent abuse of discretion. State v. Brauch, 529 S.W.2d 926[7–9] (Mo. App.1975).

The trial judge had an opportunity to hear the remark complained of in context and to observe its effect on the jury. He found the remark unobjectionable. Even assuming error, not every instance of improper argument is ground for a new trial. State v. Roberts, 535 S.W.2d 119[5] (Mo. App.1976). The prosecutor's comments were not so blatantly objectionable as to deny defendant a fair trial. Furthermore, the state had a strong case and that tended to mitigate the prejudicial effect of any improper argument. State v. Connell, 523 S.W.2d 132[14] (Mo.App.1975). The trial court did not abuse its discretion.

Judgment affirmed.

DOWD and SMITH, JJ., concur.