STATE of Missouri, Respondent,

v.

Darryl HENDERSON, Appellant.

No. 39314.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

---

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., David T. Weir, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant Darryl Henderson has appealed his conviction for carrying a concealed weapon for which he was sentenced to five years' imprisonment.

Two police officers were seeking defendant on another matter. They saw him enter a taxi. They followed and as the cab suddenly stopped in a vacant lot, the police

ordered the two men out of the cab and searched them. One officer testified he found a loaded revolver concealed in the defendant's waistband under a jacket. The defendant testified the weapon was not his and that it was found by the officer while searching the cab. Although the officers failed to obtain the name of the cab driver, their report and testimony indicated it was a Marcella Cab.

Defendant got continuances in October and in December to locate the cab driver. On May 19, 1977, the day of the trial, defendant moved again for a continuance to locate a witness, contending his attorney had been checking the wrong cab company, and he also requested a continuance to discharge and replace his attorney. Both motions were denied.

As trial began defendant created a disturbance with the sheriff's deputies in front of the jury panel, exclaiming several times, "I ain't going to be quiet." Defense counsel moved to strike the jury panel and requested a mistrial. The motions were denied. After the jury panel was sworn for voir dire examination the jurors were escorted from the courtroom as a result of defendant's outbursts and the court warned defendant, ". . . the only thing you are doing by this yelling and shouting is prejudicing yourself in front of these people." Defendant then moved to disqualify the judge, and that was denied. During the voir dire examination, only one potential juror was challenged and discharged for cause because he admitted being prejudiced by defendant's conduct.

On appeal defendant asserts the following as errors by the trial court: refusal to strike the jury panel after a disturbance occurred between defendant and the sheriff's deputies, refusal to disqualify itself, denial of defendant's motion for a continuance to locate a witness, and denial of defendant's motion for a continuance to discharge and replace his attorney.

■ We hold each of these contentions to be without merit. Defendant's request to strike the jury panel because of his own misconduct would be an open invitation to any defendant to engage in improper behavior to prevent his case from going to trial. *State v. McGinnis*, 441 S.W.2d 715[2] (Mo.1969). A mistrial is a drastic remedy to be declared only when there is a grievous error which cannot otherwise be remedied. The trial court has broad discretion in deciding whether to grant a mistrial. *State v. Beal*, 470 S.W.2d 509[8, 9] (Mo.1971). Here, the voir dire examination was a sufficient remedy to determine the effect of defendant's outburst. Only one panel member said he would be affected and he was excused. We find no abuse of discretion in denying a mistrial.

■ Nor did the trial court err in refusing to disqualify itself. Pursuant to Rule 30.12, VAMR, defendant's motion on the day of the trial was untimely because it was filed after the jury panel had been sworn for voir dire examination.

■ Defendant's claim of error in denying his motion for a continuance to locate a witness is also without merit. "It is well settled that an application for a continuance in a criminal case is addressed to the sound discretion of the trial court; and that an appellate court will not interfere, unless it appears that such discretion has been abused." *State v. LeBeau*, 306 S.W.2d 482[5] (Mo.1957). However, we need not reach this question. Even if we accept defendant's allegation that his attorney investigated the wrong cab company, the failure of defendant's motion to conform to Rule 25.08(b), VAMR, is in itself a sufficient ground for denying the motion. *State v. Cuckovich*, 485 S.W.2d 16[6–8] (Mo.1972). In *State v. Lynch*, 528 S.W.2d 454[2] (Mo. App.1975), we paraphrased that rule: "when a continuance is sought on the ground of the absence of a witness, the request must give the name of the witness, where he resides, the probability of procuring his testimony and within what time, what facts the witness will prove, and the exercise of due diligence."

■ The only facts alleged in defendant's motion are that the missing cab driver worked for Laclede Cab Company and

would help defendant's case. Defendant did not know the driver's name, his residence or the probability of procuring his testimony. Although a strict application of the rule might appear harsh if an erroneous investigation actually occurred, it is warranted here because due diligence was not shown. Defendant had eight months and two continuances to locate the witness. The police report indicated the witness was a Marcella Cab driver. Until the day of trial defendant did not allege his attorney had been checking the wrong cab company. Assuming the wrong cab company was sought, the failure to locate the driver resulted from defendant's own lack of due diligence in informing his counsel.

Finally, there was no error in denying defendant a continuance to discharge and replace his attorney. As previously noted, continuances are granted at the trial court's discretion and are reviewable only upon abuse. *LeBeau, supra,* at [5]. Defendant alleges abuse of discretion because he was "forced" to trial with an attorney whom he distrusted and had no confidence in. This is insufficient. In *State v. Mandina,* 541 S.W.2d 716[1] (Mo.App.1976), the court stated, ". . . it is not an abuse of discretion to deny a continuance asked for on the morning of the day the case is set for trial where, as here, the accused has had more than six weeks to obtain different counsel, and accused has not been denied skilled and effective representation." Here, defendant moved for a continuance on the morning of trial to discharge his attorney who had served for eight months.

The court in *State v. Jefferies,* 504 S.W.2d 6[4] (Mo.1974), utilized the trial record to determine whether the defense counsel discharged his duties diligently and in a professional manner. Here, the record shows defense counsel filed several pretrial motions, made effective use of direct and cross examination, made proper and timely trial objections and preserved his objections in a motion for new trial. This indicates defendant was not denied effective representation.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.