STATE of Missouri, Respondent,

v.

Carl HINES, Appellant.

No. WD 33536.

Missouri Court of Appeals,
Western District.

Nov. 16, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 4, 1983.

Richard W. Dahms, Public Defender, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., John Jacobs, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for robbery, first degree, in violation of § 569.020, RSMo 1978. Judgment was entered in accordance with the jury's verdict and sentence. The judgment is affirmed.

Two points are presented, which charge the trial court erred in (1) denying appellant's motion for acquittal in that the evidence was insufficient to prove the offense charged occurred in Buchanan County or in the State of Missouri, and (2) in denying appellant's pre-trial motion for issuance of a writ of habeas corpus ad testificandum to secure the presence of a witness.

The record reveals that at about 11:15 to 11:30 a.m. on September 20, 1980, appellant entered Sukut's Fine Diamonds store located at 624 Francis Street, St. Joseph, Missouri. Appellant asked to see some diamond rings and asked about a lay-away plan. Appellant produced $100.00 and the paperwork as to a lay-away plan for a ring was started. Appellant then wandered around the store inquiring about watches. He then produced a handgun and announced a "stickup". He threatened to kill the owners of the store and an employee if they did not comply with his demands. One of the owners was struck on the head with the hand-gun by appellant, causing the victim to fall, which opened a wound on his head. The owners and employee complied with appellant's demands by emptying trays of diamond rings and gold into a wastebasket. Appellant threatened to take all three hostage. With the gun in the back of one of the owners, appellant moved toward the front door. A customer approached at that moment and appellant ran from the store up an alley. The property stolen (valued at $57,856.00) was transferred from the wastebasket to a sack and appellant fled the scene with the sack. Appellant was later arrested, and subject to a warrant, a search was made of appellant's hotel room during the course of which some diamonds and gold were recovered along with the handgun.

Appellant testified on his own behalf. He admitted to prior convictions, that he never worked at a legitimate job more than two or three days at any one time and that he was a crook by profession. Appellant then testified that the owners of the store had contacted him to arrange the robbery for the purpose of collecting on insurance policies. The evidence closed. The jury returned its verdict and sentence. Following the overruling of timely filed after-trial motions, this appeal followed.

Under his first point, appellant contends the trial court erred in denying his motion for acquittal because the evidence did not prove the offense occurred in Buchanan County or in the State of Missouri. This charged error is nothing short of absurd.

The record reveals, from the testimony of one of the store owners, that the robbery occurred at a specific street address in the city of St. Joseph, Missouri. The store was also identified by the testimony of the other owner and an employee thereof as to name. The record is quite clear that the store was located within the city of St. Joseph, Buchanan County, Missouri. This is not a case where the store, and hence the venue of the offense, need be or is permissibly inferable from circumstantial evidence. There was direct testimony of exactly where the of-

fense occurred. "In a criminal case venue must be proved. Since it is not an integral part of the offense, it 'need not be proven beyond a reasonable doubt or by direct evidence, rather it can be inferred from all the evidence.'" (citations omitted) *State v. Seaman,* 625 S.W.2d 950, 953 (Mo.App.1981). Where testimony by an occupant of a residence broken into revealed he lived "just outside Kimberling City," it was held sufficient to establish that the offense occurred in Missouri. See *State v. Fletcher,* 598 S.W.2d 523, 525 (Mo.App.1980). Further, as noted by respondent, this court can take judicial notice that St. Joseph, Missouri is not only in Buchanan County, but within the state of Missouri as well. *Trautmann v. Hamel,* 358 S.W.2d 803, 806 (Mo.1962); *Walsh v. Table Rock Asphalt Construction Co.,* 522 S.W.2d 116 (Mo.App.1975).

There is no merit to appellant's point (1) and it is ruled against him.

Under his final point (2), appellant charges the trial court erred in denying his pre-trial motion for issuance of a writ of habeas corpus ad testificandum to secure the presence of a witness.

The record reveals that the day before trial, appellant, with counsel, appeared before the trial judge. This conference arose because defense counsel had advised the trial judge that appellant would not talk to him (defense counsel) but would talk to the trial judge about a specific matter. The trial judge inquired of appellant what he wanted to discuss. Appellant disclosed for the first time to anyone (i.e., his counsel, the prosecutor or the court) his "need to get a witness brought down from the penitentiary." There followed an inquiry by the trial judge as to why appellant did not disclose this to counsel and appellant stated he did tell counsel. However, upon further inquiry, it was determined that appellant had refused to disclose to counsel what the witness would state in his testimony. At this point, defense counsel brought the matter to the attention of the trial judge.

The matter of the issuance of a writ of habeas corpus ad testificandum rests within the discretion of the trial court.

*Joiner v. State,* 621 S.W.2d 336 (Mo.App. 1981). *Joiner* further points out at 339 that "the court should require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness." (citations omitted)

The record during the pre-trial hearing reflects at best a reluctance by appellant to apprise the trial court of the nature of the proposed testimony. In summary, that testimony was to be that appellant, with the co-owner of the store, planned a fake robbery. Appellant testified to this very thing. At best, the proposed testimony of the proposed witness would have been cumulative on that point. Where a trial court denies such a request "[p]articularly in view of the fact movant did not make it known until the day of the hearing", no abuse of discretion lies. *Griffith v. State,* 504 S.W.2d 324, 330 (Mo.App. 1974).

In the instant case, the trial court noted that there was never filed a written request for the writ, Rule 26.04, or any disclosure of this proposed witness pursuant to the rules of discovery.

What appellant attempts to do is to take advantage of post-conviction testimony offered during his motion for new trial and relate it back to his pre-trial motion on the premise that the trial court abused its discretion.

This court cannot conclude that the trial court abused its discretion in denying appellant's request for a writ of habeas corpus ad testificandum under the particular facts and circumstances herein. Appellant admitted to the commission of the robbery. He further testified that the co-owner engaged him to commit the armed robbery for purposes of defrauding the insurance carrier for the owner. The testimony of the proposed witness would have been merely cumulative on this issue. *Griffith, supra.* In addition, as noted, appellant has failed to comply with our rules in securing a writ of habeas corpus ad testificandum. Indeed, appellant's conduct in refusing to cooperate with counsel prevented his counsel from complying with the rules.

There is no merit to appellant's point (2) and it is ruled against him.

The judgment is affirmed.

All concur.