**STATE of Missouri, Respondent,**

v.

**Wilbert HUNTER, Appellant.**

**No. 43619.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 16, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from his jury conviction of second degree burglary, for which he was sentenced by the court as a persistent offender to seven years in the Department of Corrections. We affirm.

At about 8:45 p.m. on March 11, 1980, the victim noticed it was time to put her children to bed. When she left the kitchen all doors and windows were closed. At about two minutes before nine, she re-entered the kitchen, and saw the kitchen window, the door from the kitchen to an enclosed back porch, and the door from the porch to the outside were open. Fearing intruders, she called "911" and got her children out the front of the house.

Several police officers responded. Some went around to the back, where two men were observed leaving the back of the house. These men, one of whom was the defendant, ran in different directions. Both were apprehended, and a long kitchen knife, identified as having come from the burglarized house, was taken from defendant. A large amount of other property

was determined to be missing from the house, but only the knife was recovered.

Defendant, in his sole point on appeal, claims the jury was misdirected. The state submitted a verdict director for second degree burglary, MAI–CR 2d 2.12 modified by MAI–CR.2d 23.52 and 33.01, stating in part:

First, that on March 11, 1980, in the City of St. Louis, State of Missouri, the defendant, with the aid or attempted aid of others, committed the crime of burglary in the second degree, in that the defendant, with the aid or attempted aid of others, knowingly entered unlawfully in a building ...

Defendant argues the evidence only implicated the two men observed running from the house, and therefore it was wrong for the instruction to state "with the aid or attempted aid *of others.*" He claims it should have read *"of another."* The state, pointing to the fact a large amount of property was missing and was not recovered, argues the evidence allows for the inference that at least one person in addition to the two apprehended was involved.

Be that as it may, any error in the giving of the instruction was harmless beyond a reasonable doubt. The instruction as given did not tend to mislead the jury. Any implication that a third party was involved was gratuitous and did not prejudice defendant. *State v. Mandina,* 541 S.W.2d 716, 719 [4] (Mo.App.1976).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.