Carl HINES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 35768.

Missouri Court of Appeals,
Western District.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 28, 1985.

Daniel L. Radke, St. Joseph, for appellant.

William L. Webster and Philip M. Koppe, Kansas City, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant (as we shall call the movant) by this Rule 27.26 motion seeks relief from a 1980 armed robbery, § 569.020, RSMo 1978, conviction, in which he was shown to have robbed a jewelry store of merchandise worth more than $57,000. The conviction was affirmed upon direct appeal to this court, *State v. Hines*, 645 S.W.2d 88 (Mo. App.1982).

The trial court after an evidentiary hearing overruled the Rule 27.26 motion. Defendant appeals.

The reason advanced for Rule 27.26 relief is ineffectiveness of counsel in three particulars which we take up in turn.

I

Defendant says first that defense counsel was ineffective in failing to request a continuance when the trial court refused defendant's oral request to subpoena a penitentiary inmate as a witness for defendant. He says that a continuance would have enabled him to sue out a writ of habeas corpus ad testificandum, in accordance with Rule 26.04. The failure of defendant to comply with that rule was one ground upon which we held on the original appeal that the court had not erred in failing to issue the writ.

We are unable to say that the trial court was clearly in error in rejecting this ground for Rule 27.26 relief. The defendant had refused to disclose to his attorney what he expected the witness to testify to, or the name of the witness. Only on the day before the trial did he disclose to his attorney and to the court his explanation that the robbery had been counterfeited, with the store owner's complicity, in order to collect the insurance proceeds, and that he would expect the witness—whose name he disclosed for the first time—to support his theory. In such a case, the merits of a motion for a continuance would have been very slight. In fact, defendant testified on the Rule 27.26 hearing that he had orally requested a continuance and had been denied. The attorney testified that he had "talked with (the judge) about it" with similar results. It is clear that a formal motion for a continuance would have been unavailing. It is clear also that, had the refusal to grant the continuance been reviewed on appeal, it would not have resulted in a reversal of defendant's conviction. The denial of a continuance in order to secure the testimony of an absent witness is held to be within the discretion of the trial judge, and the denial of a continuance for such purpose is grounds for reversal only when that discretion has been abused. The defendant must have shown some measure of diligence to secure the testimony of the absent witness in order to establish his

entitlement to a continuance on that ground. Rule 24.10(b); *State v. Johnson*, 461 S.W.2d 724, 725–26 (Mo.1971); *State v. Burney*, 143 S.W.2d 273, 275, 346 Mo. 859 (1940); *State v. Lonon*, 56 S.W.2d 378, 381, 331 Mo. 591 (1932); *State v. Henderson*, 568 S.W.2d 556, 558–59 (Mo.App.1978); and numerous other cases collected in 12 Mo. Digest 2d Criminal Law §§ 594(1), 598(1)–(2).

Defendant has not shown that a formal application for a continuance would have given any reasonable probability of any different result in this case. The omission of the application was not prejudicial. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Love v. State*, 670 S.W.2d 499, 503 (Mo. banc 1984).

## II

■ As another instance of counsel ineffectiveness defendant posits counsel's failure to file a motion to suppress certain evidence seized by officers in the execution of a search warrant. The search warrant authorized a search of defendant's motel room. It described "white and yellow gold men and women's rings, with diamonds". It did not describe a pistol, ammunition, holster, and a Sukut's Fine Diamonds layaway ticket. The officers found the latter items under the mattress of a bed in defendant's motel room while they were searching the room under the authority of the search warrant. In the same place they found a sack containing 49 men's and 13 women's gold and diamond rings. The gun was identified as one used in the robbery, and the rings were identified as being a part of those that were stolen in the robbery.

There are two equally good answers to defendant's contention. The first is that, given his defense that the supposed robbery was staged, there was no prejudice in the admission of the gun. His possession of the gun was in complete harmony with his defense.

Second, the property was not subject to suppression. The officers had found the gun, the ammunition, the holster and the layaway ticket in a place where they were entitled to search for the items described in the search warrant, and while they were searching for such items. They were instantly recognizable as evidence, although their discovery was actually inadvertent. Any motion to suppress would have been without merit, and there was no prejudice to defendant in his counsel's omission to file such a motion. *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1980); *State v. Abbott*, 664 S.W.2d 537, 542 (Mo.App. 1983). See also *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 1546, 75 L.Ed.2d 502 (1983).[1]

## III

■ A third instance of alleged ineffectiveness of counsel: Counsel did not present on direct appeal the trial court's refusal of defendant's instructions on the lesser-included offenses of second-degree robbery and stealing.

This omission did not constitute counsel ineffectiveness.

There was no evidence supporting the lesser-included offense instructions. The

---

**1.** Justice Stevens, in a concurring opinion, writes:

The Court's more difficult plain view cases, however, have regularly arisen in two contexts that link the seizure with a prior or subsequent search. The first is the situation in which an officer who is executing a valid search for one item seizes a different item. The Court has been sensitive to the danger inherent in such a situation that officers will enlarge a specific authorization, furnished by a warrant or an exigency, into the equivalent of a general warrant to rummage and seize at will. That danger is averted by strict attention to two of the core requirements of plain view: seizing the item must entail no significant additional invasion of privacy, and at the time of seizure the officer must have probable cause to connect the item with criminal behavior.

103 S.Ct. at 1546.

statutory rule, Section 556.046.2, RSMo 1978, is as follows:

The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

In this case the state's evidence was that defendant, by use of a handgun and threats of death, had forced the owners and an employee of Sukut's Fine Diamonds, a St. Joseph jewelry store, to hand over to him diamond rings and gold of the value of $57,856, with which he fled the store. Defendant did not deny the objective facts, but claimed, as noted before, that the robbery was staged in carrying out the insurance fraud scheme. There was no room in this case for the lesser-included offense instructions. *State v. Savage*, 621 S.W.2d 116, 119 (Mo.App.1981). Their refusal was not error, and there was no ineffectiveness of counsel in failing to present the same as a point of trial error on appeal.

Judgment affirmed.

All concur.