**William Wentworth FOSTER,
Appellant,**

v.

**PACIFIC STEREO COMPANY,
Respondent.**

**No. 50314.**

Missouri Court of Appeals,
Eastern District,
Division Six.

April 29, 1986.

William Wentworth Foster, Jefferson City, for appellant.

John Michael Hessel, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff William W. Foster, an imprisoned felon, has appealed pro se from the 1985 dismissal of his 1982 petition for his failure to prosecute.

By plaintiff's petition he alleged that in 1979 he had paid defendant $225 for a video recorder that was materially defective.

Upon defendant's request the trial court notified plaintiff his case was set for trial in the week of June 10, 1985. On June 12, 1985 the court ordered:

"Pursuant to Notice of setting provided to parties, cause called. Defendant appears by counsel. Plaintiff fails to appear. Cause dismissed for failure to prosecute."

Plaintiff has appealed from this judgment. He first argues generally that he could not have appeared for trial without an order by the trial court. Plaintiff had requested no such order.

We look to plaintiff's briefed arguments and defendants' responses thereto. First, in plaintiff's brief he challenges a trial court's general power to dismiss for want of prosecution. He cites *Vonder Haar Concrete Co. v. Edwards-Parker*, 561 S.W.2d 134 (Mo.App.1978) holding at [6]: "Mere delay, however lengthy, is not sufficient grounds for dismissal." However, that opinion rules [at 1, 2 and 4, 5] that trial courts have inherent discretion to dismiss for failure to prosecute, and on appeal from such a discretionary ruling the appellant has the burden to show the trial court's ruling is so arbitrary and lacking in careful consideration as to shock our sense of justice. We find no such breach of discretion here.

Similarly, in *State ex rel. State Highway, etc. v. Milnes*, 573 S.W.2d 727 [1, 2] (Mo. App.1978) where after that plaintiff's unexplained eight-year delay we ruled: "A trial court has the inherent power to dismiss for failure to prosecute with due diligence." So it is here, and we deny plaintiff's initial point.

By plaintiff's second point he contends the dismissal of his petition was not justified merely for his failure to prosecute. For this plaintiff cites the judicial disciplinary case of *Matter of Buford*, 577 S.W.2d 809, 828 [17, 18] (Mo.banc 1979), plaintiff here relies on an isolated sentence:

"Any practice by which a judge randomly dismisses cases on any law or term day just because one of the attorneys is not present should no longer be engaged in."

That quoted sentence concerns random dismissals made without notice. It is not pertinent here.

In our case of *Horobee v. Mueller*, 628 S.W.2d 942 [3–5] (Mo.App.1982), relying on *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446 [1, 2] (Mo. banc 1976), we ruled:

"Courts have the inherent power, in the exercise of sound judicial discretion, to dismiss an action for failure to prosecute with due diligence.... The trial court's decision will not be disturbed on appeal unless the trial court's discretion was abused.... The appellate court will presume the trial court's decision is correct,

and the appellant has the burden to show an abuse of the trial court's discretion."

We hold this plaintiff has not met his burden to show the trial court erred in dismissing his petition for failure to prosecute.

■ Plaintiff's final point, first raised in his brief, is that the trial court erred *sua sponte* in not issuing an unrequested writ of habeas corpus to bring in three fellow convicts to testify for him to some unspecified facts.

In *State v. Hines*, 645 S.W.2d 88 [2–4] (Mo.App.1982), defendant, as here, had not filed a written request for a writ of habeas corpus ad testificandum. On appeal the court affirmed, ruling such a writ is not only discretionary but "the court should require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness." We hold *Hines* clearly refutes this plaintiff's claim of error.

We affirm, finding no merit in any of plaintiff's points.

CRANDALL, P.J., and GARY M. GAERTNER, J., concur.