STATE of Missouri, Respondent,

v.

Lee Charles MIMMS, Appellant,

No. 48679.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

Hugh J. White, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Frank P. Motherway, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

The defendant Lee Charles Mimms was, by an information, charged with robbery in the first degree "by means of a dangerous and deadly weapon, to-wit: a pistol." It was further alleged in the information that the defendant had previously been convicted on three separate charges of robbery in the first degree and had served prison sentences therefor. Upon a trial in the Circuit Court of the City of St. Louis, Missouri, a jury found defendant guilty of robbery in the first degree. The trial court heard evidence in support of the allegation of previous convictions and sentenced the defendant to serve forty years in the State Penitentiary. An appeal was taken to this court.

In the brief filed in this court, the defendant has made four assignments of error which are: that the evidence is insufficient to sustain the charge; that the trial court erred in not granting a continuance because of the absence of a material witness; that the court erred in not permitting the attorney for the defendant to withdraw from the case; and that the court erred in admitting the evidence of prior convictions because it was not shown that the defendant was the person named in the records of the prior convictions.

The State's evidence disclosed that a robbery was committed at about 10 o'clock on the morning of June 18, 1960, at the office of the Parkway Motors located at 4162 Natural Bridge Avenue, St. Louis, Missouri. Freddie Clemmons, the owner of the business, and Lee Haney, an employee, were on duty that morning. Two men identified as the defendant and a man named Taylor came to the office. Each had a gun. The defendant announced, "This is a stick-up." It was shown that about $580 in cash, a ring valued at $1,500, some checks, and a watch valued at about $500 were taken.

Defendant did not take the witness stand. His wife testified that defendant was at home on the morning of the robbery and could not have been at the Parkway Motors. Three witnesses for the State testified that Mimms was one of the men who committed the robbery. When Mimms was arrested, his apartment was searched but no stolen property was found. When Taylor was arrested, he was wearing a watch which according to the State's evidence was the watch taken in the robbery by Mimms. Mimms claimed mistaken identity. It is apparent that the question of whether Mimms took part in the robbery was for a jury.

On the morning of the day the case was set for trial, November 21, 1960, defendant's attorney made an oral motion for a continuance on the ground that a material witness could not be present; that the witness was pregnant and was expecting to be removed to a hospital. The name of the witness was given by the attorney as Mrs. S————, living on Carr Street. It was stated that this witness would testify

that defendant was at her home at the time the robbery took place; that a second witness was present and heard defendant talking with Mrs. S——. At this point, the record shows the following to have occurred:

"The Court: Who is the second witness?

"Mr. White: The girl's mother.

"The Court: She can testify.

"Mr. White: She won't come in."

The court then gave the defendant until 2 o'clock on the same day to prepare an affidavit. At 2 o'clock, an affidavit signed by the defendant was filed. In this affidavit, defendant stated that a material witness was absent and because of pregnancy could not be in court without jeopardizing her health. However, the witness named in the affidavit was a Mrs. T——, living on Enright Avenue, and not Mrs. S—— as mentioned in the motion made during the morning session.

The trial court denied the motion for continuance and stated that "both the State's attorney and the defendant's attorney announced 'ready for trial' and on the further ground that no subpoena has been issued for the witness stated in the affidavit."

It was at this point that counsel for the defendant asked leave to withdraw from the case. The court stated that "This case has been pending in this Court since July 14, 1960 and four continuances have been granted at the request of the defendant." The trial then proceeded with the result above indicated.

■ Granting a continuance because of the absence of a witness and permitting an attorney to withdraw from the case are generally within the sound discretion of the trial court. 22A C.J.S. Criminal Law, § 486, pp. 103, 104, and cases cited under Note 31; 23 C.J.S. Criminal Law, § 979(7),

p. 940; Harms v. Simkin, Mo.App., 322 S. W.2d 930, loc. cit. 933(2, 3) (4–7). .

■ As to the identity of the defendant, that is, his being the same person described in the records offered by the State pertaining to previous convictions, the transcript shows that there were three separate convictions. All three were for robberies alleged to have taken place in St. Louis, Missouri. The judgments were entered on January 5, 1953. In each, the punishment was fixed at seven years' imprisonment in the State Penitentiary. The sentences were ordered to run concurrently. In one, the name of the defendant appears as "Charles Mimms." In the other two, the name appears as "Charles Leroy Mimms." The transcripts of the prison records containing a physical description of the above-named person who served the prison sentences read as follows: "age 28 years, height 6 feet, 2 inches; hair b. and k., eyes brown, complexion dark brown." In the records, underneath the name of Charles Mimms appeared the name "Lee Charles Mimms" with the notation "R.N." which was explained as meaning "right name."

After hearing the evidence, the trial court made the following finding:

"The Court finds on the testimony adduced out of the hearing of the jury that this defendant was previously convicted of prior felonies and that he has served his sentences and has been duly discharged."

The trial court was in a position to compare the defendant present in court with the description given in the prison records. We do not have that opportunity. In the circumstances, this court is in no position to overturn the findings of the trial court.

We have examined the information and other matters as required by S.Ct. Rule 28.02, V.A.M.R. Such examination has disclosed no reversible error.

The judgment is affirmed.

All concur.