STATE of Missouri, Respondent,

v.

Russell Lee BURNS, Appellant.

No. KCD 28092.

Missouri Court of Appeals, Kansas City District.

June 1, 1976.

R. M. Gifford, Gifford & Gifford, Green City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

Appellant Burns was convicted on trial by jury of sale of a controlled substance, lysergic acid diethylomide (LSD), in violation of Section 195.017 RSMo 1969. The jury was unable to agree upon a sentence and the defendant was sentenced by the court to a term of twenty (20) years imprisonment.

The defendant raises two points on this appeal. *First,* he states that the trial court abused its discretion in denying his counsel's request to withdraw and in requiring the defendant to proceed to trial with that counsel or with no counsel; that he sought a change of counsel for good cause; and, that such change would not have caused an unreasonable delay of the trial. *Second,* he asserts that the court erred in overruling his motion for a new trial on the ground of ineffective assistance of counsel in certain enumerated areas.

A brief summary of the basic facts will suffice. On April 3, 1974, Edward N. Moses, a narcotic undercover agent for the Missouri Highway Patrol, purchased two capsules of what was purported to be mescaline from defendant in a bar where the defendant worked in Brookfield, Missouri. An analysis of the content of these capsules by Afton Ware, a chemist with the Highway Patrol Laboratory in Jefferson City, disclosed the fact that they contained LSD.

On June 25, 1974, the defendant was indicted by a Linn County grand jury, and on July 8, 1974, he appeared for arraignment with his then private counsel, James J. Wheeler, and pleaded not guilty to the indictment. On that date, the defense filed a motion to quash and and dismiss the indictment and motions for discovery. On July 19, 1974, the court overruled the motion to quash and dismiss the indictment and set the cause for trial on December 3, 1974. On November 25, 1974, the prosecuting attorney filed a motion for disclosure under Rule 25.34, which was by the court sustained on November 27, 1974. On December 3, 1974, the trial was continued, on the state's motion, to February 3, 1975, for failure of

defendant to make disclosure. On January 13, 1975, the defendant's application for Change of Judge was sustained and on January 17, 1975, by transfer order of the Supreme Court, the Honorable Kenneth R. Lewis was designated to try the cause in Linn County. Thereafter, on March 13, 1975, the application of the defendant for a Change of Venue from Linn County was sustained and the case was sent to Sullivan County for trial on May 1, 1975.

The record discloses the following facts pertinent to defendant's first assignment of error.

Near the end of December, 1974, or the first of January, 1975, Mr. Michael Midyett took over Mr. Wheeler's law practice as the latter was elevated to the bench. Thereafter, on April 9, 1975, Midyett filed a motion to examine and test the controlled substance that the defendant was charged with selling and a motion to suppress in-court identification, which motions, after an evidentiary hearing on the same day, were overruled.

On the morning of the trial, May 1, 1975, the defendant's attorney, Midyett, made an oral motion that he be permitted to withdraw from the case for the reason that the defendant had advised him at 11:00 p. m. the previous night that he wished to employ different counsel and did not want Midyett to represent him. During the rather lengthy colloquy between the court, the defendant and counsel, the defendant stated that he had "contacted another lawyer", Mr. Gilford (sic) of Green City, who "said he would be glad to represent me"; that he "just don't feel like he's (Midyett) doing me any good at all"; and that he wished new counsel because he felt that he and Midyett hadn't "accomplished a thing".

The prosecuting attorney strenuously objected to the court and for various stated reasons characterized the motion to withdraw as a bad faith effort to force a trial continuance. This charge was stoutly denied by Midyett and the defendant. Midyett further stated that he did not feel prepared to proceed because of the "atmosphere between Mr. Burns and myself at this particular time".

Noting that Mr. Midyett had represented the defendant since January, 1975, over four months, the court overruled his motion to withdraw and what the court considered as defendant's oral motion for a continuance. The court also sustained the prosecutor's objection to the use by the defense of witnesses first disclosed the day before trial.

Thereupon, the court asked if Mr. Midyett was ready to proceed with the trial, to which inquiry Midyett replied, "Other than previously stated, Your Honor". Just before the start of the voir dire examination of the jury, the defendant stated, "I refuse Mr. Midyett to represent me." To which the Court replied, "We're going ahead with this trial today, Mr. Burns, and you may do so with or without counsel, but I'm sure Mr. Midyett is a very competent and capable attorney and his assistance to you in this trial would be invaluable. * * * [I]f you desire to proceed without counsel it would be at your own peril and the court would not advise that; * * *." Thereafter, the defendant told the Court that he would allow Mr. Midyett to proceed in the case.

The defense did not present any evidence at the trial. After the trial and conviction, the defendant's present counsel entered his appearance and filed a motion for a new trial, the grounds for which included the points raised on this appeal. In overruling this motion, the Court stated its opinion that the motion to withdraw as counsel on the morning of the trial was for the purpose of delay.

■ The determination of defendant's first point is governed by certain principles firmly fixed in Missouri decisional law. A defendant in a criminal proceeding is not only entitled to the constitutional right to counsel but also a fair and reasonable opportunity to secure counsel of his own choice. *State v. Jefferies,* 504 S.W.2d 6, 7[1] (Mo.1974); *State v. Hollins,* 512 S.W.2d 835, 838[6] (Mo.App.1974). However, there is no absolute right to be represented by a

particular attorney of his choice. *State v. Williams,* 419 S.W.2d 49, 54[8] (Mo.1967); *State v. Hamblin,* 448 S.W.2d 603, 607[7] (Mo.1970); *State v. Hollins,* supra, at l.c. 838[1]. Also, this right is limited to the extent that it impinges on the right of the public to effective and efficient administration of justice and the rights of other defendants in criminal cases to have access to the courts and speedy determination of their cases. *State v. Crider,* 451 S.W.2d 825, 827–828[4] (Mo.1970); *State v. Jefferies,* supra, at l.c. 7[2]; *State v. Hollins,* supra, at l.c. 838[6]; *State v. Wade,* 535 S.W.2d 492 (Mo.App. St. Louis District, filed March 2, 1976).

■ Within these principles, the ultimate determination of whether counsel should be permitted to withdraw in a case such as the one at bar rests within the sound discretion of the trial court. *State v. Wilkinson,* 423 S.W.2d 693, 697[3] (Mo.1968); *State v. Mimms,* 349 S.W.2d 925, 927[3] (Mo.1961); *State v. Hollins,* supra, at l.c. 838[3]. It is likewise within the sound discretion of the trial court to determine whether a trial continuance be granted so that the defendant can be given an opportunity to obtain other or new counsel. *State v. Reece,* 505 S.W.2d 50, 52[2] (Mo.1974); *State v. Blankenship,* 526 S.W.2d 78, 81[2] (Mo.App.1975).

■ In light of the facts that defendant here had four months in which to procure counsel other than Mr. Midyett; that he expressed no dissatisfaction with his counsel until 11:00 p. m. on the eve of trial; that he sanctioned the motion of his counsel to withdraw and made a request for continuance for the first time on the morning of the trial; that the allegedly newly-employed counsel did not appear and the Court was given no assurance as to when such counsel would actually undertake the defense; and, that the trial had already been delayed nearly a year due to pre-trial actions of defendant's counsel, it cannot be said that the trial court abused its discretion by overruling the motion of counsel to withdraw and denying any continuance. *State v. Martin,* 525 S.W.2d 804, 807–808[1] (Mo.App.1975); *State v. Crider,* supra, at

l.c. 827[3]; *State v. Hollins,* supra, at l.c. 838[7]; *State v. Jefferies,* supra, at l.c. 7–8[3, 4]; *State v. Blankenship,* supra, at l.c. 81[2]. The appellant's first point is ruled against him.

■ The defendant's claim that he had ineffective assistance of counsel can only be reviewed on direct appeal where the record develops facts essential to "a meaningful review" of that point. *State v. Cluck,* 451 S.W.2d 103, 107[8] (Mo.1970); *State v. Martin,* supra, at l.c. 807; *State v. Blankenship,* supra, at l.c. 81[1]; *State v. Hedrick,* 499 S.W.2d 583, 586[7, 8] (Mo.App.1973). The record before this court is inadequate to permit consideration of the question of inadequate assistance of counsel. While the defendant made some broad, general charges in support of his position, neither his statements nor that of his counsel, Midyett, nor of the prosecuting attorney, were under oath, the facts were not established by formal evidence of any kind, but at best, were part of a generalized colloquy. Mr. Wheeler, his original counsel, was not called to testify, and none of the witnesses whose testimony was excluded because of late disclosure were called, nor any showing made as to the nature of their expected testimony. Nothing that is stated here shall be deemed, however, to preclude or limit any future proceedings by proper application and hearing under Rule 27.26 upon this matter. The defendant's second point is ruled against him.

The judgment is affirmed.

All concur.