**STATE of Missouri, Respondent,**

v.

**Charles E. LARRABEE, Appellant.**

**No. KCD 29361.**

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Jeffery L. Alena, Gepford & Sears, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Charles Larrabee was convicted of burglary in the second degree, § 560.045, RSMo 1969, and stealing, § 560.156, RSMo 1969. He was sentenced by the court under the Second Offender Act to consecutive sentences of five years and two years respectively.

On this appeal Larrabee raises the single point that he was denied effective assistance of counsel. Affirmed.

Larrabee was identified by an eye witness as one of four men who entered an unoccupied house, removed a refrigerator, loaded it on a truck and drove away.

In a motion for new trial filed by different counsel than the one representing him at trial, Larrabee contended he was denied effective assistance of counsel. This claim arose from a colloquy which occurred on the morning of the second day of trial. At that time defense counsel requested leave to reopen for the purpose of recalling two police officers. Counsel stated he had neglected to cross-examine the officers with respect to a discrepancy in the description given to them by the eye witness and the actual appearance of Larrabee. Counsel stated the State had given him a copy of the police report but he had neglected to notice at the time the officers were on the stand the fact the witness had described Larrabee as weighing well over 200 pounds when in fact he only weighed 150 pounds. The court denied the request to reopen.

In presenting evidence at the hearing on the motion for new trial, Larrabee's counsel stated he did not need to call the trial counsel to develop his ineffective assistance of counsel contention because it was contained in the trial record. As noted, the trial record contains only a colloquy. No formal evidence was presented to the court nor was any testimony under oath received concerning the ineffective assistance of counsel contention.

It is well established that a claim of ineffective assistance of counsel can only be considered on direct appeal when the record contains sufficient facts to permit a meaningful review. *State v. Burns,* 537 S.W.2d 860, 863[4, 5] (Mo.App.1976). Here the record does not contain sufficient facts to permit a review of this contention. The record here is very similar to that in *Burns* which likewise held the record insufficient to permit a review on direct appeal.

The judgment is affirmed.

All concur.