STATE of Missouri,
Plaintiff–Respondent,

v.

Leslie David KENNELL,
Defendant–Appellant.

No. 11692.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 1980.

L. Thomas Elliston, Pros. Atty., Joplin, for plaintiff--respondent.

C. R. Rhoades, Neosho, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant Leslie David Kennell was jury–tried and convicted of endangering the welfare of a child [§ 568.050, V.A.M.S.] and sentenced to serve a year in the county jail. He contends the five–year–old victim was incompetent to testify and that his retained attorney should have been permitted to withdraw from the case and the matter continued. We affirm.

The victim, son of a woman who was dating defendant, testified defendant whipped him with a switch and slapped him. Defendant admitted he struck the lad "seven or eight times" with a switch but denied responsibility for the many bruises and welts which were demonstrated by photographs of the boy. Defendant also admitted he had signed a statement in which he stated he had "slapped [the child] with an open hand, hard across the check [sic]."

Defendant takes the position the trial judge should not, over objection, have permitted the boy to testify because of his tender years. The judge, on the record and out of the presence of the jury, interrogated the boy and determined he knew the difference between the truth and a lie and announced he would permit "at least limited examination." The boy's brief testimony was consistent with defendant's trial testimony and written statement. We are convinced that the lad had sufficient mental capacity at the time of the whipping to observe and register the occurrence; he remembered the events sufficiently to retain an independent recollection of the events; he demonstrated the capacity to verbally describe what had happened to him at the hands of the defendant. We do not find an abuse of discretion by the trial court and

the point is denied. *State v. Stewart*, 596 S.W.2d 758 (Mo.App.1980).

■ Defendant's retained attorney sought to withdraw from trial representation because defendant had failed to pay him as agreed. A date certain for trial had already been fixed by the special judge assigned to the case. The ultimate determination of whether counsel should be permitted to withdraw rests within the sound discretion of the trial court. *State v. Burns*, 537 S.W.2d 860 (Mo.App.1976). Here, the attorney seeking to withdraw was the third lawyer to represent defendant and had represented him at the preliminary hearing and all circuit court proceedings. The case had been set for trial for nearly two months. The motion to withdraw and for a continuance were presented to the court the morning of the trial. We find no abuse of discretion in the denials of the motions. *Burns*, supra.

The judgment is affirmed.

All concur.