STATE of Missouri, Plaintiff-Respondent,

v.

Michael L. WATSON, Defendant-Appellant.

No. 50618.

Missouri Court of Appeals, Eastern District, Division Eight.

July 29, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 10, 1986.

Application to Transfer Denied Oct. 14, 1986.

Michael L. Watson, pro se.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Michael Watson, appeals jury conviction and sentence on charge of receiving stolen property. § 570.080 RSMo 1978. He was sentenced as a prior and persistent offender to fifteen years imprisonment.

Defendant claims the trial court erred in: (1) overruling defendant's motion for judgment of acquittal because the evidence was insufficient to sustain a conviction; (2) submitting an instruction not in accordance with MAI–CR2d that allowed a finding of guilt without the requisite intent; (3) refusing to allow defendant to proceed *pro se* at trial; and (4) considering a 1968 manslaughter conviction for sentencing purposes. Affirmed.

The facts adduced at trial in the light most favorable to the State were as follows. In the early morning of December 4, 1983, John Crow returned to his home in

south St. Louis County from work and parked his 1982 Camero in the lot adjacent to his apartment. Two hours later St. Louis County Police received information that a stolen vehicle was parked at a truck stop in Franklin County. Two St. Louis County police officers and two Missouri Highway Patrol officers found a 1982 Camero at the truck stop with both the driver's side door lock and the ignition punched out. The officers arranged a surveillance team.

When John Crow awoke around noon he found his car missing. That evening the surveillance police officers observed a Buick pull up and park next to the Camero. Two men exited the Buick and approached the Camero. Defendant, driver of the Buick approached the Camero and opened the door on the driver's side of the vehicle and John Elliot, the passenger in the Buick got into the vehicle. While Elliot attempted to start the vehicle with pliers defendant walked into the truck stop. The police then arrested Elliot and defendant. When arrested defendant claimed Elliot did not know what was going on and that he [defendant] had been set up.

Defendant's first point claims there was no evidence from which the jury could find or infer that defendant or John Elliot received the stolen vehicle. For that reason he claims the verdict was unsupported by the evidence and defendant's motion for an acquittal should have been granted.

In considering the sufficiency of the evidence this court accepts as true all evidence and inferences that support the verdict and disregards all evidence and inferences to the contrary. *State v. Brown*, 660 S.W.2d 694, 698–699 (Mo. banc 1983). Our review of the evidence is limited to a determination whether substantial evidence supports the verdict of the jury and our function is not to substitute our judgment for that of the jury. We determine only whether the evidence is sufficiently substantial to make a submissible case. *State v. Clark*, 596 S.W.2d 747, 749 (Mo.App. 1980).

■ Section 570.010(11) RSMo Cum. Supp.1984 defines "receiving" to include "acquiring possession, control or title." The State must introduce evidence showing more than defendant's presence at the scene of the crime; there must be some evidence that defendant associated himself with the venture or participated in the crime. *State v. Shumate*, 629 S.W.2d 379, 386 (Mo.App.1981).

■ The evidence presented indicates both parties were actively involved in the commission of the offense. Defendant drove and parked in close proximity to the stolen vehicle. He brought Elliot to the stolen car. Neither man had keys to the doors or ignition of the stolen car. Defendant opened the car door without a key. The fact that the lock mechanism had been removed from the door he opened supports an inference that the vehicle was stolen. The police observed him open the door for Elliot. Even though defendant was not present when Elliot attempted to start the vehicle his conduct and actions prior to and after the arrest were direct evidence of his participation individually and together with Elliot. His attempt to exculpate Elliot infers his knowledge the vehicle was stolen and that their activities were criminal.

Section 562.041.1(2) RSMo 1978 provides: A person is criminally responsible for the conduct of another when ... Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

The evidence need not show defendant personally committed every element of the crime. *State v. Gonzalez-Gongora*, 673 S.W.2d 811, 813 (Mo.App.1984). Defendant can be tried and convicted as a principal in the first degree for the offense of receiving with intent to defraud property known to have been stolen if he had been present at the place of the crime aiding, abetting, assisting, advising and encouraging commission of a felony. *State v. Brown*, 332 S.W.2d 904, 909 (Mo.1960). Proof of any

form of participation by defendant in the crime is enough to support a conviction and his presence at the scene, his companionship and conduct before and after the offense are circumstances from which one's participation in the crime may be inferred. *Gonzalez-Gongora,* 673 S.W.2d at 813.

█ The circumstances justify the jury in finding defendant aided Elliot in the commission of the crime. The evidence was sufficient to support the conviction.

Defendant's second point claims trial court error in submitting Instruction Number Six[1] patterned after MAI–CR2d 24.10 and 2.12. Defendant argues the instruction contained an unauthorized change and was not in compliance with MAI–CR2d. He argues it authorized a finding of guilty without finding the occurrence of a criminal act and criminal intent.

█ The evidence shows the defendant and Elliot jointly committed the offense. This evidence supports submission of an instruction in accord with MAI–CR2d 24.10 modified by MAI–CR2d 2.12 for the charged crime. *See* MAI–CR2d 2.12 Notes on Use 6(b) (1983). Defendant complains the third and fourth paragraphs split the elements of the crime between Elliot and himself. The Third paragraph instructs on intent. The Sixth paragraph instructs on the criminal act. These paragraphs read

together attribute both criminal intent and criminal acts to defendant's conduct. The instruction was a correct statement of the law on the case as tried and required a finding on the elements of the crime charged. It was neither misleading nor confusing. The jury must have found Elliot received the car for defendant's purposes and defendant acted with or aided Elliot when defendant knew the car was stolen. The case was tried on this theory without objection although the amended information did not charge defendant as acting with another. The evidence would have supported a submission without resort to MAI–CR2d 2.12. Because the evidence supported the instruction given no error occurred. Further, there was no objection on the ground that the State assumed a greater burden than required by the information and that issue is not before us.

Defendant's third point claims the trial court erred in refusing to allow defendant to proceed at trial *pro se.* Upon a review of the record we find defendant never requested to proceed *pro se.* He stated that he was not getting along with his attorney and that his attorney did not proceed as desired by defendant. After an extensive discussion between the court and the defendant the court concluded the defendant was adequately represented by counsel and

---

1. A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 4, 1983 in the County of Franklin, State of Missouri, John F. Elliot received a 1982 Camero, and Second, that the property was that of another and had been stolen, and

Third, that at the time John F. Elliot received this property, the defendant knew or believed it had been stolen, and

Fourth, that John F. Elliot, received the property for the defendant's purpose of using or disposing of it in such a way that made recovery by the owner unlikely, and

Fifth, that the property had a value of at least one hundred and fifty dollars then you are

instructed that the offense of receiving Stolen Property has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Sixth, that with the purpose of promoting or furthering the commission of receiving stolen property, the defendant acted together with or aided John F. Elliot in committing that offense, and then you will find the defendant guilty of receiving stolen property.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.

The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him criminally responsible for the offense, although his presence may be considered together with all the evidence in determining his guilt or innocence.

defendant was incapable of representing himself.

■ The defendant in a criminal proceeding is entitled to the constitutional right to counsel. *State v. Burns,* 537 S.W.2d 860, 862 (Mo.App.1976). The accused also has the constitutional right to appear *pro se* and defend himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). These rights are limited to the extent that it impinges on the right of the public to effective and efficient administration of justice and the rights of other defendants in criminal cases to have access to the courts and speedy determination of their cases. *Burns,* 537 S.W.2d at 863. Whether an accused will be allowed to represent himself, however, depends upon whether or not he knowingly and intelligently waived his right to counsel. § 600.051 RSMo 1978. *State v. Rogers,* 674 S.W.2d 608, 611 (Mo.App.1984).

The defendant did not complain about his attorney until the middle of direct examination of the State's third witness. The discussion proceeded as follows:

THE DEFENDANT: There wasn't any problems until today, and he has decided to ignore anything and everything I've had as input into this situation today.

THE COURT: He's a very qualified attorney. I've had him in many cases, and I'll trust his judgment to know how to represent you, Mr. Watson. I'm sorry.

THE DEFENDANT: I'm not arguing that. I'm just voicing my difference of opinion and wanted it on the record that everything that I have said or done he has ignored. Saw fit to do different, or whatever.

The court proceeded to detail the questions and strategy the defendant thought were appropriate. The court then concluded:

The things that you are talking about are totally immaterial and irrelevant to the issues here that you're on trial for. And I think he's trying to present a defense for you. He's asked some questions which I gather from your conversa-

tions you have promoted, and yet I've overruled them. I think you better settle for him being your attorney instead of trying to represent yourself here today because I can see from what you have told me that you're very inexperienced at—with the rules of evidence, at least. No, I'm not going to let him out of the case. It would be total chaos to proceed without an attorney here. Just go ahead and have a seat. Your motion is overruled.

■ There is no evidence that defense counsel was in any way ineffective or negligent and we find no violation of defendant's constitutional right to represent himself. *State v. Gregory,* 595 S.W.2d 798, 800 (Mo.App.1980). We find no abuse of discretion.

■ Defendant's fourth point is presented *pro se* and claims the court erred in considering for purpose of imposing sentence as a persistent offender a manslaughter conviction from 1968. He argues the conviction was too remote to be considered under the persistent offender act. § 558.-016 RSMo Cum.Supp.1984. Under this statute, there is no time limitation on the occurrence of the prior conviction when imposing a sentence. *State v. Rice,* 603 S.W.2d 83, 85 (Mo.App.1980). Defendant's point is without merit.

Affirmed.

GARY M. GAERTNER, J., and DOUGLAS W. GREENE, Special Judge, concur.