STATE of Missouri, Respondent,

v.

Gary W. WALLER, Appellant.

No. WD 64172.

Missouri Court of Appeals,
Western District.

May 31, 2005.

Brian J. Klopfenstein, Kearney, MO, for appellant.

Julie A. Cahalane, Assistant Prosecuting Attorney, Terrence M. Messonnier, Assis- tant Prosecuting Attorney, Lexington, MO, for respondent.

Before SPINDEN, P.J., and HOWARD and NEWTON, JJ.

PER CURIAM.

Gary Waller ("Gary") appeals from his conviction in a judge-tried case in the Circuit Court of Lafayette County for littering in violation of section 577.070[1], a class A misdemeanor. Gary was sentenced to thirty days in the Lafayette County jail and a $500 fine. The trial court suspended execution of the sentence and placed Gary on probation for a period of two years. Gary claims the evidence received by the trial court was insufficient to withstand his motion for judgment of acquittal.

## Background

On July 22, 2003, Lafayette County Deputy Sheriff Mark Good ("Good") was dispatched to Boundary Road in Mayview to investigate a report of trash dumping. Good found "a large amount of different items" and "rubble" dumped on the side of the road, including three or four trash bags lying on top. Good tore open one of the bags and pulled out "a handful" of mail consisting of letters, bills and statements. The mail was addressed to Gary, April, and Crystal[2] Waller at 100 North Chinn in Mayview. 100 North Chinn is about two miles from the Boundary Road dumpsite.[3]

When Good went to the North Chinn address to contact the Wallers, he discovered they had moved, but he was able to find the Wallers at their new address in Higginsville. The Wallers told Good that after they filed for bankruptcy, their house

---

1. Statutory references are to Revised Statutes of Missouri, 2000.

2. Crystal Waller is the daughter of Gary and April Waller. Crystal Waller was not charged with littering.

3. Gary's wife, April, was also convicted, in the same trial, of littering and received an identical sentence. She appeals her conviction in a separate appeal.

on North Chinn was foreclosed on and they were evicted in April 2002. When the Wallers moved out, they left behind trash, debris, and refuse, but they denied dumping any of their trash on Boundary Road. All of the mail Good retrieved from the trash bag on Boundary Road was dated before the Wallers moved out of the house on North Chinn.

Richard Saunders ("Saunders"), a real estate broker, was hired by the mortgage company to establish control of and market the North Chinn property after the foreclosure. At trial, Saunders testified that he secured the house, had it re-keyed, and arranged for the hiring of Bill Snider ("Snider") to clean the interior and exterior. Snider described the large amount of trash and refuse he found at the house. Inside the house Snider found rubbish, papers, clothing, trash, furniture, and "odds and ends." Outside the house, Snider encountered engine parts, appliances, car parts, windows, doors, lumber, and "all sorts of stuff." Snider said he hauled the trash away, finishing the job on or about May 14, 2002. When the clean-up was completed, Saunders went back to the house for a "compliance check" and determined that all the trash had been removed from the house. Gary and April Waller denied dumping the trash on Boundary Road and testified that they left trash behind but were not sure if their mail found near Boundary Road was left at the house on North Chinn when they vacated it. The trial court found both Gary and April guilty of littering.

### Standard of Review

It is the function of the trier of fact, not this court, to "weigh the evidence to determine whether the charge has been proven beyond a reasonable doubt." *Strong*, 484 S.W.2d at 661. Our review is limited to determining "whether there is sufficient substantial evidence to support the [conviction]." *Id.* Substantial evidence is evidence in harmony with a fact finder's reasonable conclusion on an issue. *State v. Moon*, 602 S.W.2d 828, 831 (Mo.App. W.D. 1980). In other words, sufficient evidence is of a nature and quality sufficient to provide the basis for a rational resolution of the issue of guilt beyond a reasonable doubt.

In testing the sufficiency of evidence in a criminal prosecution by a motion for a judgment of acquittal, the facts and evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. " 'An "inference" is a conclusion drawn by reason from facts established by proof; "a deduction or conclusion from facts or propositions known to be true." ' " *State v. Foster*, 930 S.W.2d 62, 64 (Mo.App. E.D. 1996) (quoting *Draper v. Louisville & N.R. Co.*, 348 Mo. 886, 156 S.W.2d 626, 630 (1941)).[4] An "inference" is different from a "supposition," a supposition being " 'a conjecture based on the possibility that a thing could have happened. It is an idea or a notion founded on the probability that a thing may have occurred, but without proof that it did occur.' " *Id.* (quoting *Draper*, 156 S.W.2d at 630).

State v. Strong, 484 S.W.2d 657, 661 (Mo.1972), provides:

"[T]he reasonable doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical

---

4. *Draper* is quoting from *Louisville & N.R. Co. v. Mann's Adm'r*, 227 Ky. 399, 13 S.W.2d 257, 258 (1929).

that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned."

*State v. Grim,* 854 S.W.2d 403, 417 (Mo. banc 1993) (Robertson, C.J., dissenting) (quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970)). "The constitutional protections embodied in the presumption of innocence and the requirement of proof beyond a reasonable doubt are not reserved simply for the morally blameless, nor are they reserved for use only in 'easy' cases." *Id.*

### Insufficient Evidence

■ Gary was convicted under section 577.070, which provides, in relevant part, that a person who "throws or places, or causes to be thrown or placed ... trash ... or rubbish of any kind ... on the right-of-way of any public road" is guilty of the class A misdemeanor of littering. We hold that the evidence admitted at trial was insufficient to withstand Gary's motion for judgment of acquittal.

Because this is a circumstantial evidence case, a conviction must rest upon inferences, which inferences must be strong enough to support a finding of guilt beyond a reasonable doubt. The only evidence connecting Gary to the crime is that mail addressed to Gary, April, and Crystal Waller was pulled from a trash bag lying in the right-of-way. This certainly creates an inference that Gary *could* have thrown the mail on the roadside. After all, Gary's mail was included in the trash. However, we can just as easily infer that April Waller or Crystal Waller committed the crime because their mail also was recovered from the trash bag. No other circumstances surrounding the littering are evident from the record. We do not know what was in the other trash bags and rubbish found on Boundary Road or even what else was in the trash bag that Deputy Good pulled the mail from. There is no indication how long any of the trash and rubbish had been sitting at the site. What we do know from the evidence is that at least four people potentially had possession of the mail (the Wallers and Snider, the trash hauler) and that the mail was subsequently found at the Boundary Road dumpsite.

■■ In our review we disregard inferences contrary to the conviction "*unless* they are such a natural and logical extension of the evidence that a reasonable [fact finder] would be unable to disregard them." *Grim,* 854 S.W.2d at 411 (emphasis added). The contrary inferences in this case cannot be disregarded because the inferences lead us on such a circular path regarding the identity of the guilty party. And, the State certainly " 'has the burden of proving beyond a reasonable doubt who committed the crime.' " *State v. Rockett,* 87 S.W.3d 398, 403 (Mo.App. W.D.2002) (quoting *State v. Robinett,* 63 S.W.3d 236, 240 (Mo.App. W.D.2001)).

Because the only evidence of guilt is the mail, it is possible that any one of the three Wallers committed the crime, *or* that any one of them did not commit the crime. Regarding Gary, we can certainly conclude from the evidence that he might have committed the crime, and perhaps, even more probably than not, that he did commit the crime. However, to conclude that Gary committed this crime beyond a reasonable doubt requires a healthy dose of speculation, supposition, and conjecture, which is not sufficient to provide a basis for a rational resolution of the issue of guilt beyond a reasonable doubt.

When our grade school teacher was trying to determine who threw the spit wad, she employed the time-tested classroom technique of punishing everyone until the culprit confessed. However, we have chosen not to adopt this effective technique

for use in our criminal justice system. We accept the reality that sometimes the guilty will go free because of our great care to insure that the innocent are not unjustly convicted.

The somewhat unique facts of this case make it impossible, without speculation, to separate the guilty from the innocent. The conviction is reversed, and Gary Waller is ordered discharged.