**STATE of Missouri, Respondent,**

v.

**Lawrence R. BAYLESS, Appellant.**

**No. WD 73342.**

Missouri Court of Appeals,
Western District.

June 29, 2012.

Rosemary Ellen Percival, Kansas City, MO, for appellant.

Karen L. Kramer and Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Division Three: JAMES M. SMART, JR., P.J., VICTOR C. HOWARD and THOMAS H. NEWTON, JJ.

JAMES M. SMART, JR., Judge.

Lawrence Bayless appeals his conviction for receiving stolen property following a jury trial. We affirm.

## Background

On May 27, 2007, at approximately 3:00 a.m. on Memorial Day weekend, Trooper T.N. Garton of the Missouri State Highway Patrol observed a red pickup truck pulling a trailer traveling southbound on Interstate 35 in Clinton County. Garton noticed that the truck was traveling less than the minimum speed limit for an interstate highway and that the trailer had no operable taillights. Garton activated his emergency lights and proceeded to conduct a traffic stop. The driver of the truck, Scott Hoskin, pulled his vehicle over to the side of the road. Neither Hoskin nor his passenger, Lawrence Bayless, had a driver's license. Bayless indicated that he did not have a Missouri driver's license and that his Kansas license was suspended.

Garton asked Hoskin to exit his truck so they could go look at the trailer. At that point, Trooper Chad Primm of the Missouri State Highway Patrol arrived to assist Garton. The troopers noticed that the trailer was carrying three pieces of what appeared to be expensive equipment, including two John Deere lawn mowers and a Kubota RTV900 utility vehicle. When asked about how the equipment was acquired, Hoskin said they had purchased the equipment at a storage unit auction, and he produced a receipt for $500. Both troopers were suspicious because some of the equipment, namely, the Kubota utility vehicle, looked brand new, and all of the equipment appeared to be worth much

more than $500. Garton ran a check on the trailer's plates but found no owner registration information and the trailer had not been reported stolen. Hoskin said he had borrowed the trailer from a friend. Garton also ran a check on the pickup truck and found that the plates did not match up. Hoskin said that the truck was his, but that the license plates attached to the truck belonged to Bayless.

When asked where they were going with the equipment, Hoskin said they were going to Kansas to deliver one of the mowers to Bayless's father and to sell the other items. There was no explanation given as to why the two men were driving at 3:00 a.m. on Sunday of the Memorial Day holiday weekend. Trooper Primm ran a check on the VIN numbers of the equipment. None of the items on the trailer had been reported stolen. Primm, who overheard Garton's discussion with Hoskin, questioned Bayless separately about how the equipment was acquired. Primm said that Bayless gave essentially the same account as Hoskin—that the items had been purchased at a storage facility auction. Because Hoskin was driving without a license (or a seat belt), Garton issued him a traffic citation and let him go.

At the time of the stop, Bayless was married but living separately from his wife. His wife, Linda Bayless, is Hoskin's step-daughter. Hoskin lived in Trenton, and Linda Bayless and her children resided with Hoskin in Trenton. Bayless resided in Kansas City, Kansas, at the time of the stop. Hoskin and Bayless, when stopped, were north of Kansas City near Cameron on I–35 highway.

Two days later, on May 29, 2007, the owner of Terry Implement Company in Gallatin, returned to work after the Memo-

rial Day weekend and discovered that two John Deere lawn mowers and a Kubota RTV900 utility vehicle were missing from his lot. He promptly contacted the sheriff's department and reported the missing equipment along with their serial numbers. Subsequently, the Director of Supportive Services for the Trenton School District contacted local police to report that a 1982 16–foot tandem axle trailer (owned by the school district) was missing.

About eight months later, Trooper Garton received information that the trailer attached to Hoskin's pickup truck at the time of the traffic stop was the same trailer that had been reported stolen from the Trenton School District. Shortly thereafter, police became aware of the information tying the stolen trailer and the stolen equipment to the traffic stop. A police search of the VIN number on the stolen Kubota utility vehicle reported missing from Terry Implement revealed that it matched the utility vehicle being transported by Hoskin and Bayless. The VIN numbers on the other items did not match, although the makes and models were the same. The equipment was never recovered.

Bayless and Hoskin were subsequently charged with receiving stolen property. Hoskin pleaded guilty to receiving stolen property with regard to the stolen trailer. The State charged Bayless with two counts of the class C felony of receiving stolen property, in violation of section 570.080, RSMo.[1] Specifically, Count I alleged that on May 27, 2007, Bayless knowingly (or believing that it had been stolen) received a "16–foot tandem axle utility trailer" that had been stolen from the Trenton R–9 School District. Count II alleged that

---

1. All statutory citations are to the Revised Statutes of Missouri 2000, as updated through the 2012 cumulative supplement.

Bayless knowingly (or believing that it had been stolen) received "an orange Kubota RTV900W" utility vehicle that had been stolen from Terry Implement. The circuit court conducted a jury trial in September 2010. The State presented evidence from the troopers, the equipment owner, the school district employee, and Scott Hoskin. Hoskin testified that *he* was guilty of receiving stolen property, and testified that he did *not* receive the property at a storage auction. Neither the State nor Bayless asked Hoskin any questions about Bayless's involvement.

The defense presented evidence by Linda Bayless, who testified that she gave her step-father, Hoskin, at his request, the license plates that were on Hoskin's pickup truck at the time of the police stop. She said the plates were from a vehicle that she and Bayless owned, but that she had driven (until it was wrecked in a collision). She said that Bayless, who lived in Kansas City, Kansas, had visited his children in Trenton that weekend and needed a ride back home. She said that is why Bayless was with Hoskin. She was not asked about additional information. Defense counsel filed motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence, which were both denied. Following the trial, Bayless was found guilty on Count II (the Kubota utility vehicle) and acquitted on Count I (the school district's trailer). The trial court sentenced Bayless as a prior and persistent offender to five years' imprisonment. He now appeals.

In his sole point on appeal, Bayless contends that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence, in accepting the guilty verdict, and in sentencing him for receiving stolen property. He asserts that the State failed to establish that he knew or believed that the Kubota utility vehicle was stolen, or that he acted together with or aided Hoskin in committing the offense, in violation of his due process rights.

## Standard of Review

We review the denial of a motion for acquittal to determine whether the State adduced sufficient evidence to make a submissible case. *State v. Whitt*, 330 S.W.3d 487, 494 (Mo.App.2010). In determining the sufficiency of the evidence to support a conviction, we accept as true all evidence favorable to the State, viewing all reasonable inferences most favorable to the verdict and disregarding all evidence and inferences to the contrary. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). We do not substitute our judgment for that of the jury. *State v. Watson*, 716 S.W.2d 398, 400 (Mo.App.1986). Our review is limited to determining whether there is sufficient evidence to permit a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). The reliability, credibility, and weight of witness testimony is for the jury to decide. *State v. Sumowski*, 794 S.W.2d 643, 645 (Mo. banc 1990).

## Analysis

The case was tried on a theory of accomplice liability. There is no dispute that the property in question (the Kubota utility vehicle) was stolen from Terry Implement Company sometime after 5:00 p.m. on May 25th, the Friday of Memorial Day weekend in 2007. The verdict director provided, in pertinent part, that the jury would have to find that Bayless knew or believed that the Kubota utility vehicle was stolen and that he acted together with or aided Hoskin in committing the offense of receiving stolen property (which involves either receiving,

retaining, or disposing of the property).[2] The sole issue is whether the evidence was sufficient to establish to the satisfaction of a reasonable juror beyond a reasonable doubt that Bayless knew or believed that the Kubota utility vehicle was stolen, and that he aided Hoskin in committing the offense.

### Knowledge or Belief that Property Was Stolen

Section 570.080.1 states:

A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he or she receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

■ Bayless maintains that the testimony of Linda Bayless shows that he was merely hitching a ride back to Kansas from Trenton on the night in question and that his presence alone was insufficient to show that he knew the equipment was stolen or that he aided Hoskin. Because direct evidence of a defendant's knowledge as to stolen property is seldom available, the State must often rely on circumstantial evidence and permissible inferences to show that the defendant knew or believed that the property was stolen. *State v. Shinkle,* 340 S.W.3d 327, 331 (Mo.App. 2011). The jury is free to consider the totality of the testimony and circumstances to infer a defendant's guilty knowledge. *State v. Burse,* 231 S.W.3d 247, 255 (Mo. App.2007). While presence at the scene and unexplained possession of recently stolen property by themselves are not suffi-

cient to establish guilt, the jury is entitled to consider this evidence along with other facts and circumstances supporting an inference of knowledge. *State v. Langdon,* 110 S.W.3d 807, 813 (Mo. banc 2003); *see also Watson,* 716 S.W.2d at 401.

■ Suspicious conduct, deceptive behavior, and false statements are facts and circumstances that the jury may consider which can give rise to an inference of a defendant's guilty knowledge. *Langdon,* 110 S.W.3d at 813 (citing *State v. Applewhite,* 682 S.W.2d 185, 187–88 (Mo.App. 1984)). A false explanation to police regarding the source of stolen property is a factor inconsistent with a defendant's innocence and may be considered in determining if he had guilty knowledge. *State v. Loveall,* 105 S.W.3d 569, 572–73 (Mo.App. 2003). The jury may consider false explanations made to police as indicative of consciousness of guilt and a defendant's knowledge of stolen property. *See Shinkle,* 340 S.W.3d at 331.

■ Here, the State presented testimony by Troopers Garton and Primm establishing that Bayless was found in joint possession of the brand new Kubota utility vehicle (that had a dealer net cost of over $9,000) less than 36 hours after it had last been seen at Terry Implement.[3] Trooper Garton testified that Hoskin said he and Bayless had acquired the equipment at a storage facility auction. Trooper Primm said that Bayless's statement to him was entirely consistent with Hoskin's. The evidence also showed that the license plates for Hoskin's unregistered pickup truck had

---

**2.** Section 562.041.1(2) provides: "A person is criminally responsible for the conduct of another when … [e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such

other person in planning, committing or attempting to commit the offense."

**3.** According to the owner of Terry Implement, the Kubota utility vehicle was still on the lot when he left work on Friday, May 25th at 5:00 p.m.

come from either Bayless or Bayless's wife,[4] and that neither of the men had a valid driver's license. In addition, the men were transporting the stolen equipment in a stolen trailer in the middle of the night across state lines on a holiday weekend, and said they were planning to deliver one of the mowers to Bayless's father in Kansas.

The evidence showed that Bayless gave a false statement to police—that the equipment had been purchased at an auction. Although Trooper Primm could not remember the exact words of the conversation, he was satisfied at the time that Bayless was providing information that corroborated what Hoskin had to say. This information was false. At trial, Hoskin testified that the trailer was stolen and that the equipment on the trailer did not belong to him and had not been purchased at an auction. He said he pleaded guilty to receiving stolen property. The jury certainly could have inferred that the false explanations given to the state troopers indicated a joint effort by Bayless and Hoskin to conceal the fact that the equipment was stolen, and that the men knew the equipment was stolen property.

The evidence presented by the defense at trial was the testimony of Bayless's wife, who testified that her husband had accepted a ride from Hoskin. She said Bayless had been visiting his children in Trenton and that because his driver's license was suspended, he needed a ride to Kansas. It was unclear why Hoskin and Bayless were transporting all three stolen items to a different state, but the jurors were free to draw their own inferences from the evidence. Hoskin, who was presented by the prosecution to testify against his step-son-in-law, and who admitted that the equipment was stolen, did not even

mention Bayless in his testimony. He did not mention that Bayless was an accomplice, nor did he testify that Bayless was innocent and knew nothing about the equipment being stolen. Again, the jury was entitled to evaluate these factors and draw reasonable inferences. The jury did not have to believe the defense's argument that Bayless was merely an innocent passenger who had no idea that any of the expensive equipment on the trailer was stolen. The jury was entitled to consider all of the facts and circumstances, including the joint possession of the stolen property, suspicious and deceptive conduct, and the false explanations, in determining whether Bayless knew or believed the equipment was stolen. Overall, we are persuaded that there was sufficient circumstantial evidence from which the jury could find beyond a reasonable doubt that Bayless knew or had reason to believe that the Kubota utility vehicle was stolen property.

### Accomplice Liability

Bayless also contends that the State failed to establish that he acted together with or aided Hoskin in committing the offense of receiving stolen property. He asserts that this case is analogous to *State v. Waller*, 163 S.W.3d 593 (Mo.App. 2005). In *Waller*, the defendant was convicted of littering after a bag of trash containing mail addressed to him, his wife, and his daughter was found alongside the road. *Id.* at 594. The court found that the evidence was insufficient and speculative because it was possible that other persons could have left the trash on the roadside and there was no evidence as to how the bag came to rest there. *Id.* at 596. In *Waller*, the defendant was not seen in possession of the trash bag or in its

---

4. The evidence was that Hoskin initially told the troopers that Bayless provided the plates, while Linda Bayless testified that she provided the plates to Hoskin.

vicinity, and the defendant did not give a false statement to police in accounting for the presence of the trash bag. Here, in contrast, the defendant was found in joint possession of the stolen equipment and was complicit in a false statement about the equipment.

The matching fabricated story given to police by both men as to the source of the equipment shows deception and an attempt to conceal the crime by persuading the police that nothing was wrong. This supports the inference that Bayless was acting in collusion with Hoskin to conceal the offense and for the common purpose of furthering the commission of criminal acts by retaining or disposing of stolen property. Bayless and Hoskin were transporting the stolen equipment across state lines in the middle of the night during a three-day holiday weekend. A reasonable inference could be drawn that the men were attempting to avoid detection by police and anticipating that the stolen equipment would not be discovered as missing until the implement shop reopened the following week after the holiday, by which time the equipment could be in another state. Although the VIN numbers on the two John Deere mowers did not match, the evidence that the mowers being transported by Bayless and Hoskin were the same makes and models of John Deere tractors as the stolen mowers indicated that someone had tampered with the VIN numbers. The jury could infer that the men intended to either retain or dispose of the equipment and, by either means, to deprive the owner of the property.

■ The question is not whether this court, sitting as a "super juror," actually finds that the evidence proved guilt beyond a reasonable doubt, but rather whether a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Grim*, 854 S.W.2d at 405. In view of the totality of the facts and circumstances, we find that there was sufficient evidence from which a reasonable jury could find beyond a reasonable doubt that Bayless was acting together with or aiding Hoskin in committing the offense.

### Conclusion

For the foregoing reasons, we conclude that there was sufficient evidence to support the verdict. The trial court did not err in overruling the motion for judgment of acquittal, in accepting the guilty verdict, or in sentencing Bayless for receiving stolen property. The judgment is affirmed.

All concur.