STATE of Missouri, Respondent,

v.

Jason Paul MITCHELL, Appellant.

No. ED 98752.

Missouri Court of Appeals, Eastern District, Southern Division.

June 4, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2013.

Application for Transfer Denied Oct. 1, 2013.

Stephen C. Wilson, Cape Girardeau, MO, Corwin C. Fitzgerald, Sikeston, MO, for appellant.

Chris Koster, Attorney General, Todd T. Smith, Asst. Atty. Gen., Jefferson City, MO, for respondent.

ROBERT M. CLAYTON III, J.

Jason P. Mitchell appeals the judgment entered upon a jury's verdict convicting him of the class B felony of stealing. We affirm.

## I. DISCUSSION

Mitchell worked as a purchasing manager for the DeWitt Company ("DeWitt"). DeWitt makes landscaping material used for weed prevention, and Mitchell was responsible for purchasing fabric to be utilized in its production. In his position as purchasing manager, Mitchell developed a relationship with Rajiv Toprani, owner of KT America. Toprani's company supplied fabric to DeWitt for production of the landscaping material. Mitchell and Richard Potter, the chief financial officer of DeWitt, ultimately discussed Toprani's desire to expand his business. Potter and Mitchell registered a fictitious named company called Global Census. Mitchell owned sixty percent of the company and Potter owned forty percent. Potter also set up a bank account in Global Census's name. Thereafter, in return for increased orders Toprani would deposit a percentage of the invoice amounts paid by DeWitt to KT America into Global Census' bank account. DeWitt subsequently discovered the money being returned to Mitchell through the deposits in Global Census' account, and Mitchell was ultimately charged with the class B felony of stealing, pursuant to Section 570.030.1 RSMo (Cum.Supp. 2009).[1] Following trial, a jury convicted Mitchell of stealing, and he was sentenced to fifteen years' imprisonment. Mitchell now appeals.

### A. Motion for Judgment of Acquittal

In his first point on appeal, Mitchell claims the trial court erred in denying his motion for judgment of acquittal because the State failed to make a submissible case of stealing. Mitchell contends the evidence was insufficient to show beyond a reasonable doubt that he appropriated the property of another without his or her consent. Specifically he argues the money he received was not owned by DeWitt, and he should have been charged with commercial bribery instead of stealing.

#### 1. Standard of Review

We review the trial court's decision to deny a motion for judgment of acquittal to determine whether the State presented sufficient evidence to make a submissible

1. All further statutory references are to RSMo (Cum.Supp.2009), unless otherwise indicated.

case. *State v. Bayless,* 369 S.W.3d 115, 118 (Mo.App. W.D.2012). In determining whether there was sufficient evidence to support a conviction, we accept all evidence and reasonable inferences favorable to the verdict as true and we disregard evidence and inferences to the contrary. *Id.* The jury determines the weight and credibility of witness testimony, and we do not substitute our judgment for that of the jury. *Id.* Our review is limited only to determining whether there was sufficient evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

### 2. DeWitt's Ownership

■ Mitchell was charged with stealing pursuant to Section 570.030.1. Pursuant to the statute, a person commits the crime of stealing "if he or she appropriates the property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Here, the State charged Mitchell with stealing without consent.[2] According to Mitchell, there was insufficient evidence to support this charge because DeWitt did not own the money Mitchell received from KT America. We disagree.

Section 570.010(11) RSMo (Cum.Supp. 2002) states, in relevant part, that property is "of another" where the individual or corporation has a "possessory or proprietary interest therein...." Here, Mitchell argues DeWitt did not own the money he received from KT America because it had been paid to KT America for fabric, and it then belonged to Rajiv Toprani as the owner of KT America. Toprani was simply giving Mitchell the money after the business transaction between DeWitt and

KT America was concluded. However, this argument ignores the definition of property "of another" set forth in the statute. DeWitt had a proprietary interest in the percentage of the invoice returned to Mitchell from KT America, and there was sufficient evidence to establish this fact. Toprani, the owner of KT America, testified at trial that he believed the percentage of the invoice amount he returned to Mitchell through Global Census was going back to DeWitt. According to Toprani, he would have sold the product for that percentage less to DeWitt if he had known it was not being returned to the company. In addition, Larry DeWitt, the president and CEO of DeWitt, testified Toprani informed him he could have gotten the materials for less from KT America.

Based upon the foregoing evidence, the State presented proof that DeWitt had a proprietary or possessory interest in the money received by Mitchell to satisfy the requirement that the property stolen be "of another." *See* Section 570.010(11). Thus, there was sufficient evidence from which a reasonable juror could have found Mitchell guilty of stealing, and the trial court did not err in denying his motion for judgment of acquittal. Point one on appeal is denied.

### B. Instructional Error

■ In his second and final point on appeal, Mitchell claims the court erred in giving Instruction number 5, the verdict director, because it was not supported by the evidence. Again, Mitchell argues there was no evidence that DeWitt owned the money Mitchell received in the Global Census bank account. As discussed in our analysis of point one on appeal, there was

---

**2.** In claiming there was insufficient evidence to support his conviction of stealing, Mitchell argues he should have been charged with commercial bribery pursuant to Section 570.150 RSMo (2000). However, as the State notes, the prosecutor has discretion to determine the charge to be made against a defendant. *State v. Murray,* 925 S.W.2d 492, 493 (Mo.App. E.D.1996).

sufficient evidence of DeWitt's ownership of the money, and therefore, this argument is without merit.

■■■ Mitchell also contends the verdict director, as given, gave the jury a "roving commission" to assess his conduct apart from the legal requirements of proof of the crime of stealing under Section 570.030. Initially, we note that during the instruction conference, Mitchell's counsel objected to the verdict director only upon grounds that it was not supported by the facts of the case concerning ownership of the money. Counsel did not make any objection to the instruction based upon giving the jury a roving commission as worded. Thus, the issue was not preserved for our review. *See State v. Scott,* 278 S.W.3d 208, 212 (Mo.App. W.D.2009). We may, in our discretion, review the issue for plain error. Pursuant to Rule 30.20, we may consider plain errors affecting substantial rights if we find a manifest injustice or miscarriage of justice results therefrom. "Instructional error rarely rises to the level of plain error." *Scott,* 278 S.W.3d at 212 (internal citation omitted). To show plain error in the context of instructional error, the defendant must show the court so misdirected the jury with the instruction that the error affected the verdict and resulted in a manifest injustice or miscarriage of justice. *Id.* No such error occurred in the present case.

If there is an MAI–CR instruction form applicable under the law, the MAI–CR form shall be used to the exclusion of any other instruction. *Scott,* 278 S.W.3d at 211. Here, defense counsel acknowledged the verdict director appeared to be patterned after the MAI–CR3d 324.02.1 form. However, even in light of the proper use of the MAI–CR form, Mitchell contends the language used in the instruction gave the jury a roving commission to assess Mitchell's conduct and find him guilty of stealing when he was guilty only of commercial bribery. An instruction grants the jury a roving commission if it assumes a disputed fact or presents the jury with an abstract legal question, allowing the jury to "roam freely" through the evidence and choose facts to impose guilt. *Scott,* 278 S.W.3d at 214. The verdict director in the present case did not create a roving commission. Instead, the jury was instructed to find Mitchell guilty if it believed beyond a reasonable doubt that Mitchell took the property of another with the purpose to deprive him or her thereof. This instruction was consistent with the applicable law and patterned after the appropriate MAI–CR form. We cannot conclude the court plainly erred in submitting Instruction 5 to the jury. Point two on appeal is denied.

## II. CONCLUSION

The judgment is affirmed.

GARY M. GAERTNER, JR., C.J. and ROBERT G. DOWD, JR., J., concur.